UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Brandon Houle, | Court File No. |
| Plaintiff, | |
| vs. | COMPLAINT WITH JURY DEMAND |
| City of Duluth; and Officers Adam Huot, Morgan Cekalla, and Beau Hughes, in their individual and official capacities, | |
| Defendants. | |

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First and Fourth Amendments to the United States Constitution and under the common law of the State of Minnesota, against City of Duluth and against Officers Adam Huot, Morgan Cekalla, and Beau Hughes, in their individual and official capacities.

2. It is alleged that Defendants violated Plaintiff's constitutional rights under the United States Constitution as well as Minnesota state law.

## JURISDICTION

3. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367.

## VENUE

4. This Court is the proper venue for this proceeding under 28 U.S.C. § 1391, as the material events and occurrences giving rise to Plaintiff's cause of action occurred within the State of Minnesota.

## PARTIES

5. Plaintiff Brandon Houle ("Mr. Houle") was at all material times a resident of the State of Minnesota.

6. Defendant Officer Adam Huot was at all times relevant to this complaint, a duly appointed and acting Police Officer employed by the City of Duluth acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or City of Duluth.

7. Defendant Officer Morgan Cekalla was at all times relevant to this complaint, a duly appointed and acting Police Officer employed by the City of Duluth acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or City of Duluth.

8. Defendant Officer Beau Hughes was at all times relevant to this complaint, a duly appointed and acting Police Officer employed by the City of Duluth acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or City of Duluth.

9. Defendant City of Duluth is a municipal corporation and the public employer of Defendant Officers Adam Huot, Morgan Cekalla and Beau Hughes. The City of Duluth is sued directly and on the theories of respondeat superior or vicarious liability and pursuant to Minn. Stat. § 466.02, for the actions of its officers and officials.

## FACTS

10. On May 20, 2017, at approximately 10:30 pm, Officers Huot, Cekalla and Hughes responded to a call about trespassers in the Tech Village parking ramp, a private facility. Officer Huot was the senior officer on the scene. Upon arrival, the officers found that no

2

one was in the ramp. However, they found Mr. Houle and another man in the skywalk adjacent to the parking ramp. The officers told the two men they had to leave.

11. Mr. Houle was homeless at the time. He was well-known to the officers who characterized him as sometimes loud and boisterous but never violent or a safety risk.

12. Mr. Houle told the officers, "I'm looking for my girlfriend." Officer Cekalla suggested that Mr. Houle call his girlfriend. Officer Huot told the two men they would be mailed citations for trespassing and told them to "walk away." The other man walked away from the scene.

13. Mr. Houle verbally objected to being charged. Officers Huot and Hughes then handcuffed Mr. Houle behind his back. Mr. Houle verbally protested his arrest.

14. As Officers Huot and Hughes walked Mr. Houle down the skywalk toward the parking ramp where their squad car was located, Mr. Houle fell to the floor.

15. Without attempting to help Mr. Houle to his feet, Officer Huot reached down, grabbed the handcuff chain and began dragging Mr. Houle down the hallway. Because his hands were handcuffed behind his back, Mr. Houle's arms were pulled far up behind him, nearly even with his shoulders.

16. Officers Cekalla and Hughes watched Officer Huot drag Mr. Houle but made no effort to physically intervene, though Officer Cekalla instructed Officer Hughes to "Pick him up, help him." Officer Hughes made no effort to catch up with Officer Huot or to assist Mr. Houle.

17. Officer Huot continued dragging Mr. Houle toward the parking ramp. Once they reached the door, Officer Huot pulled Mr. Houle through the door, causing his head to slam into the metal door frame. At that point, Officer Cekalla screamed "Adam" but, again, made no effort to stop Officer Huot.

18. Officer Huot did not stop even after Mr. Houle's head hit the door frame. He did not check on Mr. Houle's well-being.

19. Once the officers and Mr. Houle reached the elevator, Officers Hughes and Huot got Mr. Houle to his feet.

20. After exiting the elevator, Mr. Houle had difficulty standing. At one point, he began to slump to his knees. Officer Huot told him, "Brandon, grow the fuck up, right now" and a few seconds later, as Mr. Houle walked through the parking ramp, Officer Huot told him, "You're such a child."

21. Mr. Houle was taken by ambulance to a hospital for assessment of his head and wrist injuries.

22. Later that night, Officer Huot contacted Officers Cekalla and Hughes. The three officers met briefly. Officer Huot stated that he wanted to make sure that all were "…on the same page about what happened." Officer Huot did not apologize for his conduct and he did not acknowledge that his conduct was inappropriate. Officers Cekalla and Hughes did not challenge Officer Huot or state that they were upset in any way by his treatment of Mr. Houle.

23. After returning to headquarters, Officer Cekalla relayed the incident to a senior officer and wrote an incident report about it.

24. Officer Huot did not report the incident with Mr. Houle to police leadership.

25. Prior to his use of excessive force on Mr. Houle, Officer Huot was involved in three prior excessive force incidents. In one incident, he repeatedly punched a man in the head who was pinned to the floor by three other officers, causing head injuries to the man. The man was in the middle of a mental health crisis. Despite these multiple excessive force incidents,

Officer Huot received only coaching, additional training, and a 12 hour reduction in his banked non-paid vacation time.

26. As a result of Officer Hoot's excessive force and the failure to intercede by Officers Cekalla and Hughes, Mr. Houle suffered a traumatic brain injury, requiring medical attention.

27. As a result of the actions of Officers Huot, Cekalla and Hughes, Mr. Houle suffered loss of freedom and liberty, emotional distress, and violation of his constitutional rights.

## CLAIMS FOR RELIEF

### COUNT 1: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEIZURE AND EXCESSIVE FORCE AGAINST DEFENDANT OFFICER HUOT

28. Paragraphs 1 through 27 are incorporated herein by reference as though fully set forth.

29. Based on the above factual allegations, Defendant Officer Huot, through his actions, acting under the color of state law, violated Plaintiff's constitutional right to remain free from unreasonable seizures and use of excessive force under the Fourth Amendment to the United States Constitution when he dragged Plaintiff by the handcuff chain and slammed Plaintiff's head into the door frame.

30. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 2: 42 U.S.C. § 1983 – FOURTH AMENDMENT FAILURE TO INTERVENE AGAINST DEFENDANT OFFICERS CEKALLA AND HUGHES

31. Paragraphs 1 through 27 are incorporated herein by reference as though fully set forth.

32. Based on the above factual allegations, Defendant Officers Cekalla and Hughes had a constitutional duty to intervene and protect Plaintiff from Defendant Officer Hoot's physical abuse. Defendants Cekalla and Hughes observed Defendant Hoot's use of excessive force on Plaintiff from a close distance and had the means and opportunity to intervene and protect Plaintiff from Defendant Officer Huot but failed to intervene.

33. As a result of this constitutional violation, Plaintiff suffered damages as aforesaid.

### COUNT 3: 42 U.S.C. § 1983 – FIRST AMENDMENT RETALIATION AGAINST DEFENDANT OFFICERS HUOT, CEKALLA AND HUGHES

34. Paragraphs 1 through 27 are incorporated herein by reference as though fully set forth.

35. Based on the above factual allegations, the Defendant Officers, through their actions, acting under the color of state law, violated Plaintiff's constitutional right to free speech under the First Amendment to the United States Constitution. Specifically, Plaintiff exercised his right to free speech protected by the First Amendment when he criticized the Defendant Officers' actions and engaged in an act of protest. The Defendant Officers took actions against Plaintiff that were sufficiently serious to chill a person of ordinary firmness from engaging in protected speech when they dragged him by the handcuff chain (Officer Huot), slammed his head into the door frame (Officer Huot), and failed to intervene when they observed Defendant Officer Huot's acts of physical abuse (Officers Cekalla and Hughes). The Defendant Officers engaged in this conduct against Plaintiff in retaliation for Plaintiff exercising his First Amendment rights.

36. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 4: 42 U.S.C. § 1983 – FOURTH AMENDMENT (*MONELL*) VIOLATIONS AGAINST DEFENDANT CITY OF DULUTH

37. Paragraphs 1 through 27 are incorporated herein by reference as though fully set forth.

38. Prior to May 20, 2017, Defendant City of Duluth developed and maintained policies and/or customs and/or practices and/or lack of discipline, training, and policies exhibiting deliberate indifference to the constitutional rights of persons in its care and custody, which caused the violations of Plaintiff's constitutional rights.

39. It was the policy and/or custom and/or practice of Defendant City of Duluth to inadequately supervise and train its employees, including Defendant Officers Huot, Cekalla and Hughes, thereby failing to adequately prevent and discourage further constitutional violations.

40. Specifically, Defendant City of Duluth knew that Defendant Huot had a history of using excessive and unnecessary force but failed to take adequate corrective or disciplinary action. Defendant City of Duluth also failed to properly train its police officers on their duty to intervene and protect the public from excessive use of force by law enforcement.

41. As a result of these policies and/or customs and/or practices and/or lack of discipline, training, and policies, employees of Defendant City of Duluth, including Defendant Officers Huot, Cekalla, and Hughes, believed that their actions would not be properly monitored by supervisory employees and that misconduct would not be investigated or sanctioned, but would be tolerated.

42. These policies and/or customs and/or practices and/or lack of discipline, training, and policies were the cause of the violations of Plaintiff's constitutional rights alleged herein.

**COUNT 5: NEGLIGENCE AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW**

43. Paragraphs 1 through 27 are incorporated herein by reference as though fully set forth.

44. Based on the above factual allegations, Defendant Officer Huot owed Plaintiff a duty and standard of care to take Plaintiff into custody consistent with accepted police practices and department policies and Defendant Officers Cekalla and Hughes owed Plaintiff a duty and standard of care to intervene to protect Plaintiff from Defendant Officer Huot's acts of physical abuse. Based on the facts set forth above, the Defendant Officers breached these accepted standards of care and violated Duluth Police Department policies and procedures.

Defendant City of Duluth is vicariously liable to Plaintiff for the Defendant Officers' negligence.

45. As a direct and proximate result of this negligence, Plaintiffs suffered damages as aforesaid.

## RELIEF REQUESTED

**WHEREFORE, Plaintiff requests that this Court grant the following relief:**

a. Issue an order granting Plaintiff judgment against Defendants on all claims set forth above;

b. Award of compensatory damages to Plaintiff against all Defendants, jointly and severally;

c. Award of punitive damages to Plaintiff against all Defendants, jointly and severally;

d. Award of reasonable attorney's fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

e. Award of such other and further relief as this Court may deem appropriate.

**THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

THE LAW OFFICE OF ZORISLAV R. LEYDERMAN

Dated: March 3, 2023

By: s/ Zorislav R. Leyderman
ZORISLAV R. LEYDERMAN
Attorney License No. 0391286
Attorney for Plaintiff
The Law Office of Zorislav R. Leyderman
222 South 9th Street, Suite 1600
Minneapolis, MN 55402
Tel: (612) 876-6626
Email: zrl@ZRLlaw.com