UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Brandon Houle,

        Plaintiff,

v.

City of Duluth; and Officers Adam Huot,
Morgan Cekalla, and Beau Hughes, in
their individual and official capacities,

        Defendants.

Case No. 23-cv-00528 WMW/LIB

---

## ANSWER OF OFFICER ADAM HUOT

---

COMES NOW Officer Adam Huot, for his Answer to Plaintiff's Complaint, states and alleges as follows:

1. Unless hereafter admitted, qualified or otherwise answered, this answering party denies each and every thing, matter and particular alleged in Plaintiff's Complaint.

2. This answering party specifically denies Plaintiff has stated a cognizable claim for relief under 42 U.S.C. § 1983 and, further, denies Plaintiff sustained any deprivation of rights under the First and Fourth Amendments or any other common law, state, or federal statutory or constitutional injuries as alleged in Plaintiff's Complaint.

3. This answering party affirmatively alleges at all times material hereto, Officer Adam Huot was performing discretionary acts in the scope of his duties with a good faith belief his conduct was lawful, constitutional, proper, and pursuant to probable cause.

4. With respect to paragraphs 1 and 2 of the Complaint, these introductory paragraphs require no response. To the extent a response is required, this answering party denies the allegations.

5. With respect to paragraphs 3 and 4 of the Complaint, this answering party admits generally federal questions should be resolved in federal court; however, the incident involving Plaintiff did not rise to the level of a constitutional violation and, therefore, this answering party denies jurisdiction of this Court.

6. With respect to paragraph 5 of the Complaint, this answering party is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same and puts Plaintiff to his strict burden of proof.

7. With respect to paragraph 6 of the Complaint, this answering party admits Officer Huot was acting in his official capacity and under color of law as a Duluth Police Officer at the time of the incident.

8. With respect to paragraphs 7 through 9 of the Complaint, these paragraphs do not apply to this answering party and no response is required.

9. With respect to paragraph 10 of the Complaint, this answering party admits the allegations and submits earlier in the evening, Officer Huot responded to a call involving Plaintiff, in which he observed Plaintiff passed out and drunk, on a staircase landing. The officers directed Plaintiff and the other individual to clear out of the staircase. Within the next hour or two, the next call was from parking ramp security reporting two individuals, including Plaintiff who had previously been trespassed. As demonstrated on body worn camera footage, Officer Huot explained the ramp was private property and Plaintiff had been trespassed. He told Plaintiff and his friend they would "need to find somewhere else to go." The footage also shows Plaintiff challenging Officer Huot, "You want me? You want this?" and apparently telling his companion, "I'll take him out right now."

10. With respect to paragraph 11 of the Complaint, this answering party admits Plaintiff was known to him but cannot speak for the other parties. This answering party otherwise denies the allegations and submits due to Plaintiff's intoxicated state, he posed a safety risk to himself, as well as others, and Officer Huot intended to send Plaintiff to detox.

11. With respect to paragraph 12 of the Complaint, this answering party denies the allegations and asserts the body worn camera footage demonstrates Plaintiff repeatedly challenging the citation, saying, "For what?" Officer Huot explained the pair were formally trespassed from the parking ramp and they were on the property. He informed them a security guard informed police they were trespassed from the ramp. Plaintiff then took a more aggressive stance and asked, "What about disorderly conduct and all that shit?" As Officer Huot responded, "It doesn't seem like that," Plaintiff replied, "I don't… I really think that maybe I want some of that." Officer Huot started to respond, "I would suggest you just understand…," when Plaintiff said, "Oh, ya, oh you think so? You think so? What the f*** did I do man?" Officer Huot responded, "Walk away now." Neither Plaintiff nor his friend walked away.

12. With respect to paragraph 13 of the Complaint, this answering party denies the allegations and asserts Plaintiff refused to walk away, started laughing, and said "You know what, I think I want to go to jail right f***ing now, man," while he aggressively gestured with his hands. Officer Huot determined Plaintiff needed to be placed in handcuffs to avoid a physical altercation by Plaintiff. Due to Plaintiff's earlier conduct, as well as his conduct at the time, Officer Huot determined he should be placed under arrest and brought to detox.

Plaintiff did not verbally object to his arrest but instead told his friend he would have a 12-hour hold and he would be "out tomorrow."

13. With respect to paragraph 14 of the Complaint, this answering party denies the allegations and asserts as the body worn camera footage shows, Plaintiff was walking on his own and asked, "F*** do I got to walk you to your cars?" and an officer responded, "Yes." Plaintiff asked, "Do I? I got to walk you to your cars?" An officer responded, "Walk with us?" Plaintiff replied, "I could. Actually I'll be nice enough to walk with you." Officer Hugues replied, "Perfect." A few seconds later, Plaintiff suddenly went deadweight, causing Officer Huot's left wrist to tweak or snap. The pain caused Officer Huot to step away. Officer Hughes said, "Really?" and Plaintiff replied, "I ain't going to make it easy for you guys."

14. With respect to paragraph 15 of the Complaint, this answering party admits he took hold of the handcuffs and drug Plaintiff down the hallway, where he knew the elevator was close. This answering party is without sufficient knowledge or information to admit or deny where Plaintiff's arms were positioned in relation to his shoulders and asserts the body worn camera footage demonstrates positioning.

15. With respect to paragraph 16 of the Complaint, these allegations do not pertain to this answering party and no response is required.

16. With respect to paragraph 17 of the Complaint, this answering party admits he pulled Plaintiff down the hallway, where he knew the elevator was close, and Plaintiff's head inadvertently and unintentionally struck the door frame. The remaining allegations do not pertain to this answering party and no response is required.

17. With respect to paragraph 18 of the Complaint, this answering party denies the allegations and asserts he visually checked Plaintiff's head and saw no sign of injury. Since the elevator was just a few feet away, he knew he could further check on Plaintiff's condition in the elevator.

18. With respect to paragraph 19 of the Complaint, this answering party admits the allegations and further asserts he continued to check Plaintiff's head.

19. With respect to paragraph 20 of the Complaint, this answering party admits his statements as shown on body worn camera but otherwise denies the allegations and asserts Plaintiff drug his feet after exiting the elevator.

20. With respect to paragraph 21 of the Complaint, this answering party denies the allegation and asserts he requested an ambulance respond due to Plaintiff's intoxication. He advised paramedics Plaintiff was "apparently unable to walk and he needs to go to detox." The paramedic responded Plaintiff would have to go through the ER because detox would not take him off the street. He

also advised Plaintiff hit his head when he was dragging him. Plaintiff was seen at the hospital for "acute intoxication."

21. With respect to paragraph 22 of the Complaint, this answering party denies the allegations and asserts he reached out to check if the officers were ok and admitted, "That wasn't great." This answering party further alleges he spoke with Officer Hughes the next day to apologize and explain he did not want him to think negatively of him, and said, "That wasn't great." This answering party asserts these conversations were an expression of his regret about the conduct and specifically denies any suggestion he was trying to influence another officer's explanation of an event that the officers know is obviously captured on body worn camera footage.

22. With respect to paragraph 23 of the Complaint, this allegation does not pertain to this answering party and no response is required.

23. With respect to paragraph 24 of the Complaint, this answering party denies this allegation and asserts he reported the incident that evening to Sergeant Gayle Holton, the Sergeant on duty that evening. It was a busy evening and Officer Huot responded to a domestic call with Sergeant Holton. Sergeant Holton authorized Officer Huot to prepare his report regarding the incident, as well as the other calls that evening (including the domestic), the next day. Officer Huot was never provided the opportunity to return to complete his incident

report or any other incident report from that evening before he was placed on administrative leave, so his only notation from the incident are CAD notes.

24. With respect to paragraph 25 of the Complaint, this answering party denies the allegations.

25. With respect to paragraph 26 of the Complaint, this answering party denies the allegations.

26. With respect to paragraph 27 of the Complaint, this answering party denies the allegations and asserts while he regrets pulling Plaintiff down the hallway and accidentally hitting the door frame, his actions did not arise to the level of a constitutional violation or violation of state common law or statute.

27. With respect to Count I of the Complaint, this answering party denies the allegations.

28. With respect to Count II of the Complaint, these allegations do not pertain to this answering party and no response is required.

29. With respect to Count III of the Complaint, as it pertains to this answering party, this answering party denies the allegations.

30. With respect to Count IV of the Complaint, these allegations do not pertain to this answering party and no response is required.

31. With respect to Count V of the Complaint, this answering party denies the allegations.

32. This answering party is without sufficient knowledge to form a belief as to the truth of Plaintiff's alleged damages and Relief Requested and, therefore, denies the same and demands strict proof thereof.

33. This answering party denies punitive damages are actionable or available for this incident.

34. This answering party affirmatively alleges Plaintiff's claims are barred by the legal doctrines of qualified, statutory, and official immunity.

35. This answering party affirmatively alleges Plaintiff's Complaint fails to state a cause of action for claims upon which relief can be granted.

36. This answering party affirmatively alleges the reasonableness of a particular use of force must be judged from the police officer's perspective, not Plaintiff's perspective, or based on 20/20 hindsight.

37. This answering party affirmatively alleges Plaintiff has failed to take reasonable action to avoid or mitigate any alleged detriment or damage.

38. This answering party affirmatively alleges Plaintiff's alleged injuries or damages were caused solely by reason of Plaintiff's own wrongdoing and/or misconduct and not by reason of any unlawful acts or omissions by Officer Huot.

39. This answering party affirmatively alleges that all actions taken by Officer Huot were legally reasonable, proper and necessary under the

circumstances and authorized by the laws of the United States and State of Minnesota.

40. This answering party affirmatively alleges even if liable to Plaintiff under state law, liability for compensatory damages is limited in accordance with Minn. Stat. § 466.03, subd. 8 and § 466.04, subd. 1a.

41. As a separate affirmative defense to the allegations in the Complaint, this answering party alleges that the claims contained in Plaintiff's Complaint may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure. To the extent to which Plaintiff's claims may be barred by one or more of said affirmative defenses not specifically set forth above and cannot be determined until Officer Huot has had an opportunity to complete discovery, this answering party incorporates all said affirmative defenses as if fully set forth herein.

42. This answering party joins in Plaintiff's request for a jury trial.

**WHEREFORE,** this answering party prays Plaintiff take nothing by his claim for relief herein; that this answering party be given judgment against Plaintiff, dismissing Plaintiff's cause of action with prejudice; that this answering party be given judgment for costs, disbursements and attorney's fees herein pursuant to 42 U.S.C. § 1988 and for such other relief as the Court may deem just and equitable.

Dated:  June 12, 2023         s/ Stephanie A. Angolkar
Stephanie A. Angolkar, #388336
Julia C. Kelly, #392424
IVERSON REUVERS
9321 Ensign Avenue South
Bloomington, MN  55438
(952) 548-7200
stephanie@iversonlaw.com
julia@iversonlaw.com
*Attorneys for Defendant Huot*