UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Brandon Houle, | File No.: 0:23-cv-00528-WMW-LIB |
| Plaintiff, | |
| v. | **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS CITY OF DULUTH, OFFICERS ADAM HUOT, MORGAN CEKALLA, AND BEAU HUGHES, IN THEIR OFFICIAL CAPACITIES, AND OFFICERS MORGAN CEKALLA AND BEAU HUGHES, IN THEIR INDIVIDUAL CAPACITIES** |
| City of Duluth; and Officers Adam Huot, Morgan Cekalla, and Beau Hughes, in their individual and official capacities, | |
| Defendants. | |

_____

For their Answer to Plaintiff's Complaint, Defendants City of Duluth, Officers Adam Huot, Morgan Cekalla, and Beau Hughes, in their official capacities (collectively, the "City Defendants"), and Officers Morgan Cekalla ("Cekalla") and Beau Hughes ("Hughes"), in their individual capacities, state and allege as follows:

Except as hereinafter expressly admitted, qualified, denied, or otherwise answered, the City Defendants, Cekalla, and Hughes deny each and every allegation in the Complaint.

1.  Paragraph 1 of the Complaint contains legal conclusions and Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the City Defendants, Cekalla, and Hughes deny the allegations.

1

2. Paragraph 2 of the Complaint contains legal conclusions and Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the City Defendants, Cekalla, and Hughes deny the allegations.

3. Paragraph 3 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City Defendants, Cekalla, and Hughes deny the allegations.

4. The City Defendants, Cekalla, and Hughes admit the allegations in Paragraph 4 of the Complaint.

5. The City Defendants, Cekalla, and Hughes lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Complaint, and therefore deny them.

6. To the extent the allegations in Paragraph 6 of the Complaint constitute legal conclusions, no response is required. The City Defendants, Cekalla, and Hughes admit that Officer Adam Huot was a Police Officer employed by the City of Duluth.

7. To the extent the allegations in Paragraph 7 of the Complaint constitute legal conclusions, no response is required. The City Defendants, Cekalla, and Hughes admit that Officer Morgan Cekalla was a Police Officer employed by the City of Duluth.

8. To the extent the allegations in Paragraph 8 of the Complaint constitute legal conclusions, no response is required. The City Defendants, Cekalla, and Hughes admit that Officer Beau Hughes was a Police Officer employed by the City of Duluth.

9. In response to the allegations in Paragraph 9 of the Complaint, the City Defendants, Cekalla, and Hughes admit only that the City of Duluth is a municipal

corporation and the public employer of Officers Adam Huot, Morgan Cekalla, and Beau Hughes. The remaining allegations in Paragraph 9 contain legal conclusions and the Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the City Defendants, Cekalla, and Hughes deny the allegations.

10. In response to the allegations in Paragraph 10 of the Complaint, the City Defendants, Cekalla, and Hughes admit only that in the evening of May 20, 2017, Officers Huot, Cekalla, and Hughes responded to a report of trespassers in the Tech Village parking ramp; that the Tech Village parking ramp is a private facility; and that Officer Huot was the most senior of the three officers. The City Defendants, Cekalla, and Hughes otherwise deny the allegations in Paragraph 10.

11. The City Defendants, Cekalla, and Hughes lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint, and therefore deny them.

12. The City Defendants, Cekalla, and Hughes lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint, and therefore deny them.

13. In response to the allegations in Paragraph 13 of the Complaint, the City Defendants, Cekalla, and Hughes admit only that Officers Huot and Hughes placed Mr. Houle in handcuffs with his hands behind his back. The City Defendants, Cekalla, and Hughes deny the remaining allegations in Paragraph 13.

14. In response to the allegations in Paragraph 14 of the Complaint, the City Defendants, Cekalla, and Hughes admit only that Mr. Houle dropped his weight to the

floor when he was walking in the skywalk with Officers Huot and Hughes toward a DPD squad car. The City Defendants, Cekalla, and Hughes deny the remaining allegations in Paragraph 14,

15. In response to the allegations in Paragraph 15 of the Complaint, the City Defendants, Cekalla, and Hughes admit only that Officer Huot dragged Mr. Houle through a portion of the skywalk. The City Defendants, Cekalla, and Hughes lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15, and therefore deny them.

16. In response to the allegations in Paragraph 16 of the Complaint, the City Defendants, Cekalla, and Hughes admit only that Officer Cekalla said to Officer Hughes, "Pick him up. Help him." The City Defendants, Cekalla, and Hughes deny the remaining allegations in Paragraph 16.

17. In response to the allegations in Paragraph 17 of the Complaint, the City Defendants, Cekalla, and Hughes admit only that Officer Huot dragged Mr. Houle; that Mr. Houle's head hit a door frame; and that Officer Cekalla yelled, "Adam." The City Defendants, Cekalla, and Hughes deny the remaining allegations in Paragraph 17.

18. The City Defendants, Cekalla, and Hughes state that the allegations in the first sentence of Paragraph 18 of the Complaint are so vague as to be incapable of a response. The City Defendants, Cekalla, and Hughes lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 18, and therefore deny them.

19. The City Defendants, Cekalla, and Hughes admit the allegations in Paragraph 19.

20. In response to the allegations in Paragraph 20 of the Complaint, the City Defendants, Cekalla, and Hughes admit only that Officer Huot made the quoted statements. The City Defendants, Cekalla, and Hughes deny the remaining allegations in Paragraph 20.

21. In response to the allegations in Paragraph 21 of the Complaint, the City Defendants, Cekalla, and Hughes admit only that an ambulance transported Mr. Houle to a hospital. The City Defendants, Cekalla, and Hughes lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21, and therefore deny them.

22. The City Defendants, Cekalla, and Hughes lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore deny them.

23. The City Defendants, Cekalla, and Hughes state that the allegations in Paragraph 23 of the Complaint are so vague as to be incapable of response, and admit only that Cekalla reported the use of force against Plaintiff.

24. The City Defendants, Cekalla, and Hughes state that the allegations in Paragraph 24 of the Complaint are so vague as to be incapable of response, and therefore deny them.

25. The City Defendants, Cekalla, and Hughes state that the allegations in Paragraph 25 of the Complaint are so vague as to be incapable of response, and therefore deny them.

26. The City Defendants, Cekalla, and Hughes deny the allegations in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint contains legal conclusions to which no response is required. To the extend a response is required, the City Defendants, Cekalla, and Hughes deny the allegations in Paragraph 27.

28. The City Defendants', Cekalla's, and Hughes's responses to Paragraphs 1 through 27 of the Complaint are incorporated herein.

29. Paragraph 29 of the Complaint contains legal conclusions to which no response is required.

30. The City Defendants, Cekalla, and Hughes deny the allegations in Paragraph 30 of the Complaint.

31. The City Defendants', Cekalla's, and Hughes's responses to Paragraphs 1 through 27 of the Complaint are incorporated herein.

32. The City Defendants, Cekalla, and Hughes deny the allegations in Paragraph 32 of the Complaint.

33. The City Defendants, Cekalla, and Hughes deny the allegations in Paragraph 33 of the Complaint.

34. The City Defendants', Cekalla's, and Hughes's responses to Paragraphs 1 through 27 of the Complaint are incorporated herein.

35. The City Defendants, Cekalla, and Hughes deny the allegations in Paragraph 35 of the Complaint.

36. The City Defendants, Cekalla, and Hughes deny the allegations in Paragraph 36 of the Complaint.

37. The City Defendants', Cekalla's, and Hughes's responses to Paragraphs 1 through 27 of the Complaint are incorporated herein.

38. The City Defendants, Cekalla, and Hughes deny the allegations in Paragraph 38 of the Complaint.

39. The City Defendants, Cekalla, and Hughes deny the allegations in Paragraph 39 of the Complaint.

40. The City Defendants, Cekalla, and Hughes deny the allegations in Paragraph 40 of the Complaint.

41. The City Defendants, Cekalla, and Hughes deny the allegations in Paragraph 41 of the Complaint.

42. The City Defendants, Cekalla, and Hughes deny the allegations in Paragraph 42 of the Complaint.

43. The City Defendants', Cekalla's, and Hughes's responses to Paragraphs 1 through 27 of the Complaint are incorporated herein.

44. The City Defendants, Cekalla, and Hughes deny the allegations in Paragraph 44 of the Complaint.

45. The City Defendants, Cekalla, and Hughes deny the allegations in Paragraph 45 of the Complaint.

46. The City Defendants, Cekalla, and Hughes deny that Plaintiff is entitled to any of the relief requested.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails, in whole or in part, to state any claim to relief.

2. Defendants Cekalla and Hughes, in their individual capacities, are entitled to qualified immunity on Plaintiff's constitutional claims.

3. Defendants Cekalla and Hughes, in their individual capacities, are entitled to statutory and official immunity on Plaintiff's state law claims.

4. The City is entitled to statutory and vicarious official immunity on Plaintiff's state law claims.

5. The City Defendants', Cekalla's, and Hughes's liability for damages on Plaintiff's state law claims is subject to the limitations in Minn. Stat. § 466.04.

6. Plaintiff's alleged injuries and damages, if any, were caused by, contributed to, or brought about by Plaintiff's own negligence or unlawful conduct.

7. The City Defendants, Cekalla, and Hughes reserve the right to assert all other affirmative defenses available, the right to which is unknown at this time, and the failure to specify such a defense is not a waiver of such defenses.

WHEREFORE, the City Defendants, Cekalla, and Hughes pray that the Court enter judgment in favor of the City Defendants, Cekalla, and Hughes and against Plaintiff, including all statutory, necessary, and reasonably incurred attorney's fees, costs, and

disbursements; and that the Court provide such other relief to the City Defendants, Cekalla, and Hughes as the Court may deem just, equitable, and proper.

Dated: June 14, 2023	REBECCA ST. GEORGE, City Attorney

and

s/Elizabeth Sellers Tabor
ELIZABETH SELLERS TABOR (#0395652)
Assistant City Attorney
etabor@duluthmn.gov
Attorneys for Defendants City of Duluth, et al.
411 West First Street, Rm. 440
Duluth, MN 55802
Telephone: 218-730-5281