UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Brandon Houle,                                Case No. 23-cv-00528 WMW/LIB

        Plaintiff,

v.

City of Duluth; and Officers Adam Huot,
Morgan Cekalla, and Beau Hughes, in
their individual and official capacities,

        Defendants.

---

## OFFICER HUOT'S STATEMENT OF THE CASE

---

Pursuant to the Court's Pretrial Scheduling Notice and Order, Defendant Officer Adam Huot submits this Statement of the Case.

This case arises from Duluth Officers Huot, Cekalla, and Hughes's response to a reported trespass in a private parking ramp. Earlier in the evening, Officer Huot responded to a call involving Houle, in which he observed Houle passed out and drunk, on a staircase landing. The officers directed Houle and the other individual to clear out of the staircase. Within the next hour or two, the next call was from parking ramp security reporting two individuals, including Houle who had previously been trespassed. As demonstrated on body worn camera footage, Officer Huot explained the ramp was private property and

Houle had been trespassed. He told Houle and his friend they would "need to find somewhere else to go." The footage also shows Houle challenging Officer Huot, "You want me? You want this?" and apparently telling his companion, "I'll take him out right now."

When Houle did not comply and Officer Hout told him he would be cited, the body worn camera footage demonstrates Houle repeatedly challenging the citation, saying, "For what?" Officer Huot explained the pair were formally trespassed from the parking ramp and they were on the property. He informed them a security guard informed police they were trespassed from the ramp. Houle then took a more aggressive stance and asked, "What about disorderly conduct and all that sh*t?" As Officer Huot responded, "It doesn't seem like that," Houle replied, "I don't… I really think that maybe I want some of that." Officer Huot started to respond, "I would suggest you just understand…," when Houle said, "Oh, ya, oh you think so? You think so? What the f*** did I do man?" Officer Huot responded, "Walk away now." Neither Houle nor his friend walked away.

Houle refused to walk away, started laughing, and said "You know what, I think I want to go to jail right f***ing now, man," while he aggressively gestured with his hands. Officer Huot determined Houle needed to be placed in handcuffs to avoid a physical altercation by Houle. Due to Houle's earlier

2

conduct, as well as his conduct at the time, Officer Huot determined he should be placed under arrest and brought to detox. Houle did not verbally object to his arrest but instead told his friend he would have a 12-hour hold and he would be "out tomorrow."

As the body worn camera footage shows, Houle was walking on his own and asked, "F*** do I got to walk you to your cars?" and an officer responded, "Yes." Houle asked, "Do I? I got to walk you to your cars?" An officer responded, "Walk with us?" Houle replied, "I could. Actually I'll be nice enough to walk with you." Officer Hughes replied, "Perfect." A few seconds later, Houle suddenly went deadweight, causing Officer Huot's left wrist to tweak or snap. The pain caused Officer Huot to step away. Officer Hughes said, "Really?" and Houle replied, "I ain't going to make it easy for you guys."

Officer Huot took hold of the handcuffs and drug Houle down the hallway, where he knew the elevator was close. Houle's head inadvertently and unintentionally struck the door frame. Officer Huot visually checked Houle's head and saw no sign of injury. Since the elevator was just a few feet away, he knew he could further check on Houle's condition in the elevator.

Officer Huot requested an ambulance respond due to Houle's intoxication. He advised paramedics Houle was "apparently unable to walk and he needs to go to detox." The paramedic responded Houle would have to go through the ER

because detox would not take him off the street. Officer Huot also advised Houle hit his head when he was dragging him. Houle was seen at the hospital for "acute intoxication."

Houle asserts First and Fourth Amendment and negligence claims against Officer Huot. While Officer Huot regrets pulling Houle down the hallway and accidentally hitting the door frame, he denies violating Houle's constitutional rights or committing any tort and submits Houle has failed to support his claims. Officer Huot further asserts he is entitled to qualified and official immunity.

Dated: July 19, 2023

 s/ Stephanie A. Angolkar
Stephanie A. Angolkar, #388336
Julia C. Kelly, #392424
IVERSON REUVERS
9321 Ensign Avenue South
Bloomington, MN 55438
(952) 548-7200
stephanie@iversonlaw.com
julia@iversonlaw.com
*Attorneys for Defendant Officer Adam Huot*