# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Brandon Houle, | File No.: 0:23-cv-00528-WMW-LIB |
| Plaintiff, | |
| v. | **STATEMENT OF THE CASE OF DEFENDANTS CITY OF DULUTH, CEKALLA, AND HUGHES** |
| City of Duluth; and Officers Adam Huot, Morgan Cekalla, and Beau Hughes, in their individual and official capacities, | |
| Defendants. | |

_____

Pursuant to the Court's Scheduling Conference Notice and Order (Doc. 12), Defendants City of Duluth, and Officers Adam Huot, Morgan Cekalla, and Beau Hughes in their official capacities (collectively, the "City Defendants"), and Officers Morgan Cekalla ("Cekalla") and Beau Hughes ("Hughes") in their individual capacities, submit the following Statement of the Case:

**A. City Defendants', Cekalla's, and Hughes's Version of the Facts of the Case**

On May 20, 2017, Duluth police officer Adam Huot, along with novice officer Beau Hughes and his training officer, Morgan Cekalla, responded to a report of two intoxicated individuals in a private facility from which they had been trespassed. The officers located the individuals, issued them citations, and asked them to leave. One of the individuals, Plaintiff Brandon Houle, became combative, gritting his teeth and

1

gesturing as though he would punch the officers. The officers placed him in handcuffs so that they could safely escort him away.

Plaintiff soon dropped his weight and fell to the ground instead of walking alongside the officers. Officer Huot reacted suddenly and without warning, pulling Plaintiff by the handcuffs through a public skywalk hallway toward the officers' squad cars, and Plaintiff hit his head on a door frame along the way. Training Officer Cekalla had been standing back to allow his trainee, Officer Hughes, to participate more directly in the call. On observing Officer Huot's conduct, though, Officer Cekalla actively instructed Officer Hughes to go and help Plaintiff. He also called out to Officer Huot by first name in an effort to make him pause. When Officer Hughes caught up with Officer Huot and Plaintiff, the two officers were able to lift Plaintiff to his feet and continue to escort him without further incident.

Officer Huot called for an ambulance so that Plaintiff could receive a medical evaluation and any necessary care. Notes from Plaintiff's hospital visit that evening indicate that he was intoxicated and showed no signs of injury.

**B. Particularized Facts that Support the City Defendants', Cekalla's, and Hughes's Defenses**

Plaintiff has failed to state any constitutional violation or state law claim. Contrary to Plaintiff's assertions, none of the officers' conduct in responding to Plaintiff related in any way to Plaintiff's exercise of rights protected by the first amendment. And although Officer Huot's decision to pull Plaintiff through a hallway was contrary to Duluth policy, custom, and training, none of the officers' conduct rose to the level of any

constitutional injury, and none of the officers breached any duty of care owed to Plaintiff. The doctrines of qualified, official, and vicarious official immunity additionally bar any liability.

### C. Explanation of any Claimed Damages

The City Defendants, Cekalla, and Hughes do not claim any damages, and they deny that Plaintiff is entitled to recover any damages from them.

Dated: July 20, 2023                REBECCA ST. GEORGE, City Attorney

and

s/Elizabeth Sellers Tabor
ELIZABETH SELLERS TABOR (#0395652)
Assistant City Attorney
etabor@duluthmn.gov
411 West First Street, Rm. 440
Duluth, MN  55802
Telephone:  218-730-5281
*Attorneys for Defendants City of Duluth, Officers Morgan Cekalla and Beau Hughes in their individual and official capacities, and Officer Adam Huot in his official capacity*